IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMACIA ROSE DENISE BROWN,  )<br>)<br>Plaintiff,  )<br>)<br>-vs-  )<br>)<br>CAROLYN W. COLVIN,  )<br>COMMISSIONER OF SOCIAL SECURITY,  )<br>)<br>Defendant.  ) | Civil Action No. 14-1573 |

AMBROSE, Senior District Judge

## **OPINION**

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 13). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10, 14 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting in part and denying in part Plaintiff's Motion for Summary Judgment (ECF No. 9) and denying Defendant's Motion for Summary Judgment. (ECF No. 13).

## **I. BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for supplemental security income ("SSI") and disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act"). Plaintiff filed her applications alleging she had been disabled since January 1, 2006. (ECF No. 7-7, pp. 4, 8). Administrative Law Judge ("ALJ"), David J. Kozma, held a hearing on August 18, 2011. (ECF No. 7-7, pp. 32-42). The ALJ issued an unfavorable decision on August 30, 2011. (ECF No. 7-4, pp. 8-14). The Appeals Council remanded for a new hearing. *Id.* at p. 18. On April 18, 2013, the ALJ held a new hearing. (ECF No. 7-3, pp. 2-32). On February 7, 2012, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 22-42).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 9 and 13). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must

2

determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. <u>Global Assessment of Functioning ("GAF")</u> [1]

Plaintiff first argues that the ALJ erred in failing to consider any of Plaintiff's GAF history, including fifty-three scores. (ECF No. 10, pp. 3-6). As such, Plaintiff submits that the case should be remanded for further consideration. *Id.*

The GAF scale is used to report the "clinician's judgment of the individual's overall level of functioning" in light of his psychological, social, and occupational limitations. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision

---

[1] GAF is an acronym which refers to an individual's score on the Global Assessment of Functioning Scale. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000).

2000).  The GAF ratings range from 1 to 100. Plaintiff's GAF scores ranged from 25 to 55. A GAF score of 51 to 60 indicates moderate symptoms, (e.g. circumstantial speech and occasional panic attacks or moderate difficulty in social or occupational functioning as evidenced by few friends and conflicts with peers or coworkers). *See* American Psychiatric Association, Diagnostic and Statistical Manual, at 34 (4th ed.2000).  A GAF score of 41–50 indicates "[s]erious symptoms (e.g. suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupation, or school functioning (e.g., no friends, unable to keep a job)." *Id.*  A GAF rating of 21-30 indicates that an individual's "[b]ehavior is considerably influenced by delusions or hallucinations," or "serious impairment in communication or judgment," *e.g.,* "suicidal preoccupation," or "inability to function in almost all areas ...." *Id.*  The vast majority of Plaintiff's GAF scores were between 42-50.

The ALJ completely failed to mention or discuss the impact of any of the fifty-three GAF scores assigned to Plaintiff and documented in the record.  While I acknowledge that GAF scores do not have a "direct correlation to the severity requirements" of the Social Security mental disorder listings, they are still medical evidence that informs a Commissioner's judgment in assessing whether an individual is disabled. *Rios v. Commissioner of Social Sec.*, 444 Fed.Appx. 532, 535, 2011 WL 4059780, *2 (3d Cir. 2011), *citing,* 65 Fed.Reg. 50746–01, 50764–65 (2000). As a result, the GAF scores should have been discussed by the ALJ.  *Sweeney v. Comm'er of SS,* 847 F.Supp.2d 797, 802 (W.D. Pa. 2012).  "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006).  Given the complete failure to discuss any of Plaintiff's fifty-three GAF scores, I am unable to tell if the ALJ ignored or rejected the same.  Therefore, I am unable to

conduct a proper and meaningful review. Thus, I find the ALJ erred in this regard. Consequently, remand is warranted for further consideration on this point.

### C. **Plaintiff's Ability to Interact with Coworkers and Supervisors**

Plaintiff next argues that the ALJ failed to account for Dr. Cohen's opinion that Plaintiff has moderate limitation in dealing with coworkers and in dealing with supervisors in functional terms when determining Plaintiff's residual functional capacity ("RFC").[2] (ECF No. 10, pp. 6-8). Thus, Plaintiff submits that the ALJ's RFC is not based on substantial evidence. *Id.* Consequently, Plaintiff argues remand is required on this issue. *Id.* After a review of the record, I agree.

In this case, the ALJ determined that Plaintiff has the RFC to perform light work with exceptions, including that "[s]he is limited to performing low stress, unskilled, simple, repetitive tasks requiring little judgment and no intense supervision. She also cannot work around the public." (ECF No. 7-2, p. 27). Based on the same, I agree with Plaintiff that the ALJ's RFC determination places no limitation on interacting with coworkers. *Id.* (ECF No. 7-2, p. 20). The ALJ, however, gave "appropriate weight" to the opinion of Dr. Cohen. (ECF No. 7-2, p. 40). Dr. Cohen opined, *inter alia,* that Plaintiff should not work as a member of a team. (ECF No. 7-9, p. 60). On the form, Dr. Cohen then checked that Plaintiff is moderately limited in interacting appropriately with co-workers and noted thereafter "not on a team." (ECF No. 7-9, p. 61). Yet, the ALJ made no reference to the above in crafting Plaintiff's RFC.

Certainly, the ALJ is not required to accept Dr. Cohen's opinions at all, much less do so wholesale. Nevertheless, an ALJ must set forth the reasons for crediting or discrediting relevant or pertinent medical evidence. *Burnett v. Comm'er of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000). "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts

---

[2]RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

5

... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett,* 220 F.3d at 121-122*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981). Without the same, a reviewing court cannot make a proper determination. *Id.*

In this case, the ALJ assigned "appropriate" weight to Dr. Cohen's opinion that Plaintiff is limited to non-team work. (ECF No. 7-2, p. 40). He does not mention, however, Dr. Cohen's limitations with regard to interacting with coworkers in the RFC. *Id.*at p. 27. The ALJ mentions the public and supervisors in the RFC, but not coworkers. *Id.* These are three distinct groups and must be addressed separately. The ALJ is entitled to reject Dr. Cohen's limitation regarding coworkers, but he must then discuss or explain why he rejected such opinion evidence to which he assigned "appropriate weight." The failure to provide an explanation prohibits me from conducting a proper and meaningful review. Therefore, I find the ALJ erred in this regard. Consequently, remand is warranted for further clarification.

In the same vein, Plaintiff also argues that the ALJ erred in determining that Plaintiff was limited to tasks involving no "intense supervision." (ECF No. 7-2, p. 27). Specifically, Plaintiff submits that "no intense supervision" is not a vocational term and is quite vague as to how it equates in a work environment. (ECF No. 10. P. 8). To that end, Plaintiff submits that the Appeals Council remanded this case previously, in part, due to the ALJ's failure to set forth Plaintiff's mental RFC in adequate vocational terms as required by SSR 85-15. *Id.* Based on the same, Plaintiff requests that the case be remanded.

While it is true that the Appeals Council remanded for various reasons, including the need of the ALJ to set forth Plaintiff's mental RFC in adequate vocational terms by identifying specific

work-related mental limitations (ECF No. 7-4, p. 19), there is no indication that it related specifically to the term "no intense supervision." *Id.* Rather, it referred to the ALJ's determination that Plaintiff had the RFC to perform "low stress light work." (ECF No. 7-4, p. 19). Thus, I find Plaintiff's argument in this regard a bit misleading.

Furthermore, in this case, the ALJ asked the vocational expert ("VE") if there were any jobs existing that accommodated this exact limitation and the vocational expert was able to understand and respond with jobs existing in significant numbers in the national economy. (ECF No. 7-3, pp. 23-24). Thus, I find the term "no intense supervision" to be adequate. Consequently, remand is not warranted in this regard.

### D. **Plaintiff's Credibility**

Finally, Plaintiff submits that the ALJ erred in assessing the credibility of Plaintiff. (ECF No. 10, pp. 8-11). To be clear, an ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). The ALJ must consider "the entire case record" in determining the credibility of an individual's statement. SSR 96-7p. The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." *Id.*

In evaluating whether a plaintiff's statements are credible, the ALJ will consider evidence from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §§416.929(c),

404.1529(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

After my own review of the record, I find that the ALJ followed the proper method to determine the Plaintiff's credibility. As laid out in his decision, the ALJ considered the factors set forth above. (ECF No. 7-2, pp. 27-39). In assessing Plaintiff's credibility, the ALJ does mention Plaintiff's "poor compliance with psychiatric treatment." (ECF No. 7-2, p. 39). This was just one of various reasons the ALJ listed as eroding Plaintiff's credibility. *Id.* Based on my review of the evidence, I find the ALJ properly evaluated Plaintiff's credibility as required by 20 C.F.R. §§416.929, 404.1529 and SSR 96-7p. Moreover, based on the entire record as a whole, I find there is substantial evidence to support the ALJ's decision to find Plaintiff not credible. (ECF No. 5-2, pp. 19-32). Therefore, I find no error in this regard. Consequently, remand is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMAICA ROSE DENISE BROWN,     )
                               )
      Plaintiff,         )
                               )
 -vs-                          )    Civil Action No.  14-1573
                               )
CAROLYN W. COLVIN,             )
COMMISSIONER OF SOCIAL SECURITY,)
                               )
      Defendant.         )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 11th day of May, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is granted in part and denied in part and Defendant's Motion for Summary Judgment (Docket No. 13) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                                                BY THE COURT:

                                                s/   Donetta W. Ambrose
                                                Donetta W. Ambrose
                                                United States Senior District Judge